Roy, Respondent, vs. CITY OF LA CROSSE, Appellant.

*January 13—January 30, 1912.*

*Damages: Personal injury: Award not excessive.*

An award of $1,150 is *held* not excessive for fracture of a wrist caused by a fall on a defective sidewalk, it appearing that the injury was a serious one, involving long treatment and a great deal of pain, and that at the time of the trial, nineteen months after the injury, the wrist was still in bad condition.

APPEAL from a judgment of the circuit court for La Crosse county: JAMES WICKHAM, Judge. *Affirmed.*

For the appellant there was a brief signed by *John F. Do-*

*herty,* attorney, and *A. H. Schubert,* city attorney, and oral argument by *Mr. Doherty.*

*Jesse E. Higbee,* for the respondent.

KERWIN, J.   This action was brought to recover for personal injuries caused by a fall upon one of the sidewalks of the defendant city.   The charge of negligence is that the sidewalk was defective in consequence of a fan-shaped ridge of ice formed thereon by water running from a spout upon an adjoining building; that the formation of ice was several inches in thickness, rough and uneven, and higher on the inside and middle of the walk than on the outside and sloping downward toward the outside; that the ice extended diagonally across the sidewalk and was covered by a light flurry of snow.   There is evidence that the outer edge of the sidewalk was lower than the inner edge.   The complaint charges the defective condition of the walk and the injury received by plaintiff on the 15th day of February, 1909, and that such defective condition continued for more than three weeks immediately preceding the injury, which defective condition rendered the sidewalk dangerous and unsafe for public travel.

The action was brought against the city and the adjacent property owner, but on the trial a nonsuit was granted as to the property owner.   The case was tried before a jury and a verdict for $1,150 returned.   Judgment was entered in favor of the plaintiff upon the verdict, from which this appeal was taken.

The errors relied upon raise the questions of the sufficiency of the evidence to support the verdict on the questions of defect, notice to the defendant of such defect, and whether the damages are excessive.   On the questions of defect and notice to the city we regard the evidence ample to support the verdict, and shall spend no time in discussing it.   The plaintiff received a fracture of the wrist.   The case was tried one year and seven months after the injury and the wrist was

then in bad condition.    Plaintiff had not been able to use her arm up to that time as she did before.    The evidence shows the injury to have been serious.    Splints were on the wrist for two months, and then it was put in a plaster cast for about six weeks, the doctor attending constantly.    After the cast was taken off leather splints were put on.    It also appears that the plaintiff suffered a great deal of pain.    After an examination of the evidence we cannot say that the damages are excessive.

*By the Court.*—The judgment of the court below is affirmed.